IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 NOV -4  AM 11: 32
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

PAUL G. DEVOE, III,
          Petitioner,

-vs-                                        Case No. A-14-CA-151-SS

WILLIAM STEPHENS,
          Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and in particular Petitioner Paul G. Devoe's Opposed Motion for Expert Funding [#11], Respondent William Stephens's response [#12], and Devoe's reply [#13]. After consideration of the above-referenced documents and the applicable legal authority, Devoe's motion is denied.

Devoe requests expert funding pursuant to 18 U.S.C. § 3599(f) to retain an expert, Frank AuBuchon, to review the testimony of trial witness A.P. Merillat and write an affidavit explaining "where Marillat [sic] got things wrong." As explained by Devoe, the Texas Court of Criminal Appeals has determined Merillat testified falsely in other capital murder trials with respect to punishment. *See Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 905 (2011); *Velez v. State*, AP-76,051, 2012 WL 2130890 (Tex. Crim. App. 2012), *reh'g denied* (Sept. 12, 2012). Devoe contends Merillat similarly testified in his trial. According to Devoe, AuBuchon charges $150 per hour and estimates he will need fifteen hours to perform the necessary work. Devoe contends the use of AuBuchon's services will be more economical than it

would be for counsel to do this work *sui generis*. As such, Devoe requests up to $2,250 for AuBuchon's expert services.

Director Stephens opposes the request. Stephens explains any attempt to raise a claim regarding Merillat's testimony would be procedurally barred in federal court because Devoe failed to preserve error at trial with respect to Merillat's testimony. Stephens points out Devoe raised claims challenging the admission of Merillat's testimony on both direct appeal and state habeas review, but the Court of Criminal Appeals determined any error regarding the testimony was not preserved at trial. Stephens argues the failure to preserve these claims properly at trial results in the claims being procedurally barred from federal habeas review. Stephens maintains federal habeas corpus review is foreclosed unless Devoe demonstrates either cause for the default and actual prejudice resulting therefrom or failure to consider the claim would result in a fundamental miscarriage of justice. Stephens denies Devoe has made such showing.

Stephens further opposes the request arguing expert assistance is not reasonably necessary because the claims were alternatively found to be without merit by the state court. In his state habeas application, Devoe argued the State's presentation of Merillat's materially false and misleading testimony violated his right to due process under the Fifth, Eighth, and Fourteenth Amendments; and he was denied his right to effective counsel by counsel's failure to investigate, prepare, or execute a reasonable strategy to address Merillat's testimony. Devoe supported his claim with fifteen exhibits including documents and statistical data from the Texas Special Prosecution Unit ("SPU") and the Texas Department of Criminal Justice ("TDCJ"), a declaration from attorney Richard Ellis regarding Merillat's testimony in another trial, evidence of payment to Merillat by the Travis County District Attorney's Office, payment records from the SPU, and an affidavit from attorney Katherine

Black regarding a file created by the Texas Defenders Service to assist attorneys in addressing Merillat's testimony. Stephens asserts the consideration of new evidence in federal court on exhausted claims would be barred. He concludes funding for expert or investigative assistance is unnecessary at this time.

Devoe replies any procedural default is excused in this case by cause and prejudice. Devoe explains he could not have presented his evidence to the state courts because he could not have been reasonably expected to know Merillat's testimony was false, the state failed to bring the false testimony to his attention at any stage of the proceedings below, and his trial counsel failed to provide effective assistance of counsel at trial by not making a contemporaneous objection. Devoe points out he is not asking this Court to rule on his Merillat claim at this time. Rather, he maintains he is seeking a relatively small amount of money to assist counsel in understanding the expert testimony regarding the TDCJ's prisoner classification system and concludes he has demonstrated a reasonable need for the services requested.

Section 3599 provides a district court may authorize a defendant's attorneys to obtain investigative, expert, or other services upon a finding that such services "are reasonably necessary for the representation of the defendant." 18 U.S.C. § 3599(f). If the court finds such services are reasonably necessary, it "shall order the payment of fees and expenses therefor." *Id.* Reasonably necessary in this context means "a petitioner must demonstrate 'a substantial need' for the requested assistance." *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004) (quoting *Clark v. Johnson*, 202 F.3d 760, 768 (5th Cir. 2000)). "A petitioner cannot show a substantial need when his claim is procedurally barred from review." *Id.*

In addition, funds are not "reasonably necessary" to develop evidence not presented to the state courts. Once a state court resolves the merits of a petitioner's arguments, Supreme Court precedent limits federal review "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011); *see also Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 780 (2011) ("[S]tate courts are the principal forum for asserting constitutional challenges to state convictions[.]"). Because "*Pinholster* prohibits a federal court from using evidence that is introduced for the first time" in federal court, *Blue v. Thaler*, 665 F.3d 647, 661 (5th Cir. 2011), additional factual development is irrelevant in the adjudication of exhausted claims.

Finally, a federal court must look to the substance of a petitioner's proposed investigation to decide if it will support a potentially viable claim. Courts should not allocate funds that would "'only support a meritless claim'" or "'would only supplement prior evidence.'" *Woodward v. Epps*, 580 F.3d 318, 334 (5th Cir. 2009) (quoting *Smith v. Dretke*, 422 F.3d 269, 288 (5th Cir. 2005)).

In the case at hand, Devoe fails to show AuBuchon's services are reasonably necessary for his representation. As explained by Respondent, Devoe's claims challenging the admission of Merillat's testimony are procedurally barred. To date, Devoe has not shown cause for the default and prejudice to overcome the bar or the failure to consider the claim would result in a fundamental miscarriage of justice. Moreover, Devoe's claims have been thoroughly litigated in and rejected by the state court. Any new evidence would only supplement what has previously been offered to the state court and could not be considered by this Court. Finally, the testimony presented by Merillat was anticipated by Devoe's trial counsel. Merillat was effectively cross examined by Devoe's attorneys, and Devoe presented his own expert Larry Fitzgerald, who worked in the prison system

and testified in numerous capital murder trials as an expert in direct rebuttal to the testimony of Merilatt. In Devoe's trial, Merillat did not repeat the factual inaccuracy presented in *Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010) (finding Merillat's unintentionally inaccurate testimony concerning reclassification of capital-murder inmates was reversible error). The testimony in Devoe's trial made clear an inmate with a capital murder conviction could not obtain a less restrictive classification than a G-3 classification. Accordingly,

It is **ORDERED** that the Motion for Expert Funding, filed by Petitioner Paul G. Devoe, III on October 9, 2014, is **DENIED**.

SIGNED this the 4th day of November 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE